**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SOMALTUS LLC, | § | |
| | § | |
| Plaintiff, | § | Case No: |
| | § | |
| vs. | § | **PATENT CASE** |
| | § | |
| THE NOCO COMPANY, INC. | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

## COMPLAINT

Plaintiff Somaltus LLC ("Plaintiff" or "Somaltus") files this Complaint against The NOCO Company, Inc. ("Defendant" or "NOCO") for infringement of United States Patent No. 7,657,386 (hereinafter "the '386 Patent").

## PARTIES AND JURISDICTION

1.      This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.      Plaintiff is a Texas limited liability company with its principal office located at 2591 Dallas Parkway, Suite 300, Frisco, Texas 75034.

4.      On information and belief, Defendant is a Ohio corporation having a principal place of business at 30339 Diamond Pkwy #102, Glenwillow, Ohio 44139.

5.      This Court has personal jurisdiction over Defendant because Defendant has

committed, and continues to commit, acts of infringement in the state of Texas, has conducted

business in the state of Texas, and/or has engaged in continuous and systematic activities in the

state of Texas.  Upon information and belief, Defendant's instrumentalities that are alleged

herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the

Eastern District of Texas.

## VENUE

6.     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§

1391(c) and 1400(b) because Defendant is deemed to reside in this District. In addition, and in

the alternative, Defendant has committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 7,657,386)

7.     Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8.     This cause of action arises under the patent laws of the United States and, in

particular, under 35 U.S.C. §§ 271, *et seq*.

9.     Plaintiff is the owner by assignment of the '386 patent with sole rights to

enforce the '386 patent and sue infringers.

10.     A copy of the '386 Patent, titled "Integrated Battery Service System," is

attached hereto as Exhibit A.

11.     The '386 Patent is valid, enforceable, and was duly issued in full compliance

with Title 35 of the United States Code.

12.     Upon information and belief, Defendant has infringed and continues to infringe

one or more claims, including at least Claim 8, of the '386 patent by making, using, importing,

selling, and/or offering for sale charging systems covered by one or more claims of the '386

Patent.

13.     Defendant sells, offers to sell, and/or uses charging systems including, without limitation, without limitation, the NOCO "genius" series of chargers (e.g., genius G750) (the "Product"), for example, and any similar devices, which infringe at least Claim 8 of the '386 Patent.

14.     On information and belief, the Product controls charge signals when it charges batteries.  For example, at Defendants' website: at: https://no.co/g750 product literature is provided describing certain details regarding the Product.   The product literature indicates that the Product "monitors battery activity and only begins charging when needed" and "the charger will start the Maintenance cycle until voltage reaches approximately 7.2V (6V) and 14.4V (12V) and then will discontinue the charge cycle."   These and other features dictate that charge signals are controlled by the Product.

15.     The functionality of the Product includes detecting a current battery output level of the battery.  For example, to turn off power when a device's battery is fully charged, and to initiate maintenance charging when battery voltage is low, the Product must detect the current battery output level.  The Product literature, as indicated above in paragraph 14, indicates this functionality.

16.     Similarly, the Product also accesses a target charge level.  For example, to shut off the power when the battery is fully charged, the Product must access a target charge level, such as a "fully charged" level (e.g., 7.2V for 6V batteries and 14.4V for 12V batteries as indicated above.

17.     The Product compares the current battery output level and the target charge level.  For example, in order to shut of the power at the "fully charged" level, and in order to initiate maintenance charging at a low battery level, the Product must compare the current

battery output level (e.g., during use and/or charging) to the respective target level (e.g., "fully charged").

18.     The Product alters a charge signal by adjusting an on/off period of an AC power source to a transformer coupled to the battery.   For example, on information and belief, the Product is, or includes, an AC power source to a transformer.   The Product is coupled to a battery for charging.   The Product "alters the charge signal by adjusting an on/off period" by, for example, automatically turning off the power when a certain battery output level (e.g., "fully charged") is reached.   Similarly, when battery output is low, the Product automatically turns on the power for charging.   This is described, for example, in the product literature for the Product in connection with the charger automatically starting and stopping as discussed above.

20.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

21.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

22.     Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a)     Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b)     Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice

of the order from further infringement of United States Patent No. 7,657,386 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c)     Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d)     Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e)     Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: January 12, 2017                    Respectfully submitted,


*/s/Jay Johnson*
_____
**JAY JOHNSON**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON, PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com
bkizzia@kjpllc.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A